1  **ROLAND Y. HO**
   California State Bar No.: 220301
2  **THE LAW OFFICE OF ROLAND HO**
   16700 Valley View Ave., Suite 271
3  La Mirada, CA  90638
   Telephone: 714-752-6913
4  Fax: 714-752-6914
   E-mail: rolandho@rolandholaw.com
5
6  Attorney for Plaintiff,
   JAIME GOMEZ
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 13 2017

Sheri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JAIME GOMEZ, an individual,          )  Case No.:
                                         )
12              Plaintiff,               )  **COMPLAINT FOR BC 6 6 4 9 4 8**
                                         )
13      vs.                              )
                                         )  1. **RACIAL DISCRIMINATION IN**
14  VALVOLINE, LLC, a Delaware corporation; )     **VIOLATION OF 42 U.S.C. § 2000e-**
    DAVID BOONE, an individual; ANTHONY  )     **2(a)(1);**
15  GONZALES, an individual; and DOES 1 to 50, ) 2. **RACIAL DISCRIMINATION UNDER**
    inclusive,                          )     **CALIFORNIA GOV. CODE, § 12940;**
16                                       )  3. **WRONGFUL TERMINATION IN**
                                         )     **VIOLATION OF PUBLIC POLICY**
17              Defendants.              )     **UNDER CALIFORNIA LAW;**
                                         )  4. **INTENTIONAL INTERFERENCE**
18                                       )     **WITH PROSPECTIVE ECONOMIC**
                                         )     **ADVANTAGE;**
19                                       )  5. **NEGLIGENT INTERFERENCE**
                                         )     **WITH PROSPECTIVE ECONOMIC**
20                                       )     **ADVANTAGE;**
                                         )  6. **DEFAMATION; AND**
21                                       )  7. **NEGLIGENCE**
                                         )
22                                       )
                                         )
23                                       )  **DEMAND FOR JURY TRIAL**

24  Plaintiff alleges:

25                    **COMMON ALLEGATIONS**

26

27      1.  Plaintiff, JAIME GOMEZ, is and at all times mentioned herein, a competent adult, residing and

28

                              COMPLAINT- **1**

doing business in the County of Los Angeles.

2. Defendants, VALVOLINE, LLC (VALVOLINE), a Delaware corporation, DAVID BOONE (BOONE) & ANTHONY GONZALES (GONZALES), were and are doing business in the Los Angeles County in the State of California. Although VALVOLINE is a foreign corporation, it has a major facility, located in Santa Fe Springs, California, engaging in significant and extensive business activities within the said city for many years.

3. Plaintiff is informed and believes and thereon alleges that in performing each of the acts herein alleged, defendants BOONE & GONZALES were the agents, employees, and/or servants of defendant VALVOLINE, and in doing things herein alleged, were acting within the scope and course of employment or agency, and/or the acts were ratified or authorized or participated by the employer VALVOLINE.

4. The true names and capacities of the Defendants herein named as DOE 1 through DOE 50 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and alleges that each Defendant is liable to Plaintiff for the events alleged herein.

5. This action arose in the City of Santa Fe Springs, in the County of Los Angeles.

6. Plaintiff has exhausted the administrative remedies and has obtained a right-to-sue letter in compliance with both Federal and State law before the filing of this Complaint. EEOC Compliance Manual Sections 5.2 & 5.4; Gov. Code, Section 12965(b). See Exhibit 1, which is incorporated by reference into this Complaint.

## FACTUAL BACKGROUND

7. On or about September 28, 2016, a meeting, whose purpose was not known to Mr. Gomez, was held between David Boone, the plant manager, Anthony Gonzales, the plant supervisor and a person from H.R. (whose identity plaintiff did not recall), where Mr. Gomez was interrogated extensively concerning Mr. Gomez's job performance, behavior outside of the work environment and role as a team lead. Mr. Gomez fully and truthfully responded to all these

COMPLAINT- 2

inquiries, without being informed of the nature of this conference. Mr. Boone subsequently issued a letter stating that Mr. Gomez was suspended pending an investigation. On October 6, 2016, Mr. Gomez was discharged from employment.

8. Prior to the employment termination of about October 6, 2016, Mr. Gomez observed and learned about dishonest acts committed by Mr. Anthony Gonzales (a plant supervisor) as Mr. Gonzales apparently fraudulently altered the timesheets of specifically two employees. Mr. Gonzales would modify the clocking-in times to reflect that these employees actually punched in on time.

9. Mr. Gomez reported the fraudulent conduct of Gonzales to the plant manager, David Boone. Only Boone and Gonzales could possess the capability to change the timesheets.

10. Being a loyal, honest and committed team lead, Mr. Gomez was under an obligation to question and to report these illegal activities to Boone who became upset and irate, chastising Mr. Gomez for doing so, conveying to Mr. Gomez to not concern himself with these actions.

11. Mr. Gomez also bravely reported to Human Resources with respect to Boone's work performance and the management skills as well as the hostile demeanor towards other employees or subordinates. On one occasion, Boone instigated a physical fight with another worker.

12. Boone utilized and adopted racist attitude towards the plaintiff and others. Boone called a James Jones (who was of African-American descent) a "n****r," who was visiting the Santa Fe Springs plant at one time. This offensive language resulted in strong objections by other employees who demanded an appropriate response from Boone or upper management. The plant manager circulated racist e-mail from his friends or old colleagues from Georgia to plaintiffs and many others, creating a hostile and vile environment.

13. Mr. Gomez's immediate supervisor, Benny Cuevas, confirmed that Boone (as well as Gonzales) was out to get Mr. Gomez.

14. Mr. Gomez was employed by Valvoline (with over thousands of employees) for around 20 years, in the Santa Fe Springs facility, holding different positions, including shipping and team

COMPLAINT- 3

lead at various times for numerous years. In essence, Valvoline was Mr. Gomez's second home, and he was looking forward to remaining at this job until retirement. This employment had always been something that Mr. Gomez held dear, and there were passion and energy generating from everything Mr. Gomez did at his work. All this was lost and destroyed.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### (RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1) — Against VALVOLINE Only)

15. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs, as though fully set forth herein;

16. Plaintiff was terminated on the ground of race in violation of 42 U.S.C. § 2000e-2(a)(1);

17. As a proximate result, plaintiff has suffered damages in excess of $1 million; and

18. The aforementioned conduct of defendant was an intentional, malicious and depressive conduct with the intention on the part of the defendant of thereby depriving plaintiff of property or legal rights or otherwise causing injury and was a despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights so as to justify an award of punitive damages.

## SECOND CAUSE OF ACTION

### (RACIAL DISCRIMINATION UNDER CALIFORNIA GOV. CODE, § 12940(a) — Against VALVOLINE Only)

19. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs, as though fully set forth herein;

20. Plaintiff was terminated on the ground of race in violation of Gov. Code, Section 12940(a);

21. As a proximate result, plaintiff has suffered damages in excess of $1 million; and

22. The aforementioned conduct of defendant was an intentional, malicious and depressive conduct with the intention on the part of the defendant of thereby depriving plaintiff of property or legal rights or otherwise causing injury and was a despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights so as to justify an award of punitive damages.

## THIRD CAUSE OF ACTION

### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY UNDER CALIFORNIA LAW---Against All Defendants)

23. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs, as though fully set forth herein;

24. Defendants, BOONE & GONZALES made false and defamatory statements about plaintiff's job performance, competence, knowledge and qualification in violation of Civil Code, Sections 44, 45, 45a & 46. Defendant acted negligently in the dissemination of information and in the investigation of complaints about plaintiff in violation of Civil Code, Section 1714(a). Plaintiff was terminated on the ground of race in violation of 42 U.S.C. § 2000e-2(a)(1) and of Gov. Code, Section 12940(a) as well as for the reason of questioning accuracy and integrity of the time-sheet records in violation of 29 U.S.C. § 211(c) and of Labor Code, Section 226;

25. As a proximate result from the wrongful conduct of the defendant, plaintiff was terminated and has suffered damages in excess of $1 million; and

26. The aforementioned conduct of defendant was an intentional, malicious and depressive conduct with the intention on the part of the defendant of thereby depriving plaintiff of property or legal rights or otherwise causing injury and was a despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights so as to justify an award of punitive damages.

**FOURTH CAUSE OF ACTION**

(INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE—Against

All Defendants)

27. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs, as though

fully set forth herein;

28. There was an economic relationship (employer/employee) between plaintiff and defendant

Valvoline.

29. Defendants, BOONE & GONZALES made false and defamatory statements about plaintiff's

job performance, competence, knowledge and qualification in violation of Civil Code, Sections

44, 45, 45a & 46. Defendant acted negligently in the dissemination of information and in the

investigation of complaints about plaintiff in violation of Civil Code, Section 1714(a). Plaintiff

was terminated on the ground of race in violation of 42 U.S.C. § 2000e-2(a)(1) and of Gov.

Code, Section 12940(a) as well as for the reason of questioning accuracy and integrity of the

time-sheet records in violation of 29 U.S.C. § 211(c) and of Labor Code, Section 226;

30. As a proximate result from the wrongful conduct of the defendant, plaintiff was terminated and

has suffered damages in excess of $1 million; and

31. The aforementioned conduct of defendant was an intentional, malicious and depressive conduct

with the intention on the part of the defendant of thereby depriving plaintiff of property or legal

rights or otherwise causing injury and was a despicable conduct that subjected plaintiff to cruel

and unjust hardship in conscious disregard of plaintiff's rights so as to justify an award of

punitive damages.


**FIFTH CAUSE OF ACTION**

(NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE—Against All

Defendants)

COMPLAINT- 6

9

32. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs, as though fully set forth herein;

33. Defendant owed a duty, as there was a special relationship between the parties, to act reasonably toward the plaintiff;

34. Defendants, BOONE & GONZALES made false and defamatory statements about plaintiff's job performance, competence, knowledge and qualification in violation of Civil Code, Sections 44, 45, 45a & 46. Defendant acted negligently in the dissemination of information and in the investigation of complaints about plaintiff in violation of Civil Code, Section 1714(a). Plaintiff was terminated on the ground of race in violation of 42 U.S.C. § 2000e-2(a)(1) and of Gov. Code, Section 12940(a) as well as for the reason of questioning accuracy and integrity of the time-sheet records in violation of 29 U.S.C. § 211(c) and of Labor Code, Section 226;

35. As a proximate result from the wrongful conduct of the defendant, plaintiff was terminated and has suffered damages in excess of $1 million; and

36. The aforementioned conduct of defendant was an intentional, malicious and depressive conduct with the intention on the part of the defendant of thereby depriving plaintiff of property or legal rights or otherwise causing injury and was a despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights so as to justify an award of punitive damages.

## SIXTH CAUSE OF ACTION

### (DEFAMATION—Against All Defendants)

37. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs, as though fully set forth herein;

38. Defendants, BOONE & GONZALES made false and defamatory statements about plaintiff's job performance, competence, knowledge and qualification;

COMPLAINT- 7

10

39. The publication of the false and defamatory statements was made both in writing and orally to individuals other than to the Plaintiff herself;

40. Other individuals hearing and receiving the false and defamatory publication reasonably understood that the false and defamatory statements concerned Plaintiff's character of honesty and reputation;

41. Defendants knew that the statements were false and defamatory and/or acted negligently, failing to use reasonable care to determine the truth or falsity of the statements;

42. As a proximate result from the wrongful conduct of the defendant, plaintiff was terminated and has suffered damages in excess of $1 million; and

43. The aforementioned conduct of defendant was an intentional, malicious and depressive conduct with the intention on the part of the defendant of thereby depriving plaintiff of property or legal rights or otherwise causing injury and was a despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights so as to justify an award of punitive damages.

## SEVENTH CAUSE OF ACTION

(NEGLIGENCE—Against All Defendants)

44. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs, as though fully set forth herein;

45. Defendants owed a duty of care to Plaintiff, as required under common law and pursuant to Civil Code, Section 1714(a);

46. Boone defamed the plaintiff by filing false and defamatory complaints about plaintiff in violation of Civil Code, Sections 44, 45, 45a & 46. Defendant acted negligently in the dissemination of information and in the investigation of complaints about plaintiff in violation of Civil Code, Section 1714(a). Plaintiff was terminated on the ground of race in violation of 42 U.S.C. § 2000e-2(a)(1) and of Gov. Code, Section 12940(a) as well as for the reason of

COMPLAINT- 8

11

questioning accuracy and integrity of the time-sheet records in violation of 29 U.S.C. § 211(c) and of Labor Code, Section 226;

47. As a proximate result from the wrongful conduct of the defendant, plaintiff was terminated and has suffered damages in excess of $1 million; and

48. The aforementioned conduct of defendant was an intentional, malicious and depressive conduct with the intention on the part of the defendant of thereby depriving plaintiff of property or legal rights or otherwise causing injury and was a despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights so as to justify an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them (to the extent applicable) as follows:

1. For general damages in accordance with proof at trial;
2. For special damages in accordance with proof at trial;
3. For punitive damages in accordance with proof at trial;
4. For attorney's fees as allowed by law and/or contract;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

DATED: May 25, 2017

Respectfully submitted,

THE LAW OFFICE OF ROLAND HO

By: _____
ROLAND Y. HO
Attorney for Plaintiff, JAIME GOMEZ

COMPLAINT- 9

12